THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY S. WILLIAMS, Appellant. [737 NYS2d 757] —Appeal from a judgment of Wayne County Court (Parenti, J.), entered October 2, 2000, convicting defendant upon his plea of guilty of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, the police had probable cause to arrest him for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) when he was informed that he was under arrest. "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" (*People v Oden*, 36 NY2d 382, 384) and that the person arrested is the perpetrator (*see, People v Carrasquillo*, 54 NY2d 248, 254). According to the testimony of an eyewitness at the suppression hearing, three men exited a motor vehicle following a one-vehicle accident. One of the three occupants of the vehicle asked onlookers not to call the police and proceeded to empty the vehicle of numerous beer cans. Upon the arrival of the police, that man fled while the two other occupants remained at the scene. The eyewitness gave the police a description of the person who fled the scene. The two occupants who remained told the police that the driver of the vehicle was "Jeff Williams" and admitted that all three had been consuming alcohol. Shortly after the police began searching for the

third occupant, they located defendant, who matched the description given by the eyewitness and who gave his name as "Jeff Williams." Defendant exhibited signs of intoxication, denied knowledge of the accident and attempted to flee when informed that an eyewitness could identify him. The police ordered defendant to stop because he was under arrest. At that point, the police had sufficient information to believe that defendant had committed the crime of driving while intoxicated and thus the arrest was based on probable cause.

Defendant failed to preserve for our review his contention that the showup identification by the eyewitness was unnecessary (*see, People v Warring*, 270 AD2d 508; *People v Cruz*, 221 AD2d 653, *lv denied* 87 NY2d 1018), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, the fact that he was handcuffed and standing between two police officers did not render the showup unduly suggestive under the circumstances of this case (*see, People v Jackson*, 281 AD2d 906, 907-908, *lv denied* 96 NY2d 920; *see also, People v Smith*, 271 AD2d 332, *lv denied* 95 NY2d 871; *People v Espala*, 223 AD2d 461, 461-462, *lv denied* 88 NY2d 847). Also contrary to defendant's contention, the showup was relevant despite the failure of the eyewitness to identify defendant as the driver where, as here, the missing occupant of the vehicle had been identified as the driver of the vehicle by the other occupants.

Defendant failed to preserve for our review his contention that his statement to the police should have been suppressed because he was so intoxicated that he was incapable of knowingly and intelligently waiving his constitutional rights (*see, People v Saunders*, 146 AD2d 654; *People v MacKay*, 98 AD2d 732). In any event, that contention lacks merit. There is no evidence that defendant was " ' "intoxicated to the degree of mania, or of being unable to understand the meaning of his statements" ' " (*People v Brooks,* 174 AD2d 1050, 1050, *lv denied* 78 NY2d 962, quoting *People v Schombert*, 19 NY2d 300, 305, *cert denied*, 389 US 874).

Contrary to the further contention of defendant, he was not denied effective assistance of counsel based on his attorney's failure to obtain discovery related to the manner in which a police officer's injuries occurred. "Under the plain wording of [Penal Law § 120.05 (3)] it is evident that a defendant may be convicted even though the injury caused is unintended or accidental. The only proviso is that the injury must occur while the defendant is acting with the intention of preventing the po-

lice officer, fireman, paramedic or technician from performing a lawful duty" (*People v Campbell,* 72 NY2d 602, 604). Thus, defendant's intent to injure the officer was not at issue and discovery with respect to that intent therefore was not relevant.

By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocation (*see, People v Lopez,* 71 NY2d 662, 665). In any event, that challenge lacks merit. "[T]here is no requirement that a defendant personally recite the facts underlying his or her crime" (*People v Kinch,* 237 AD2d 830, 831, *lv denied* 90 NY2d 860; *see, People v Burke,* 288 AD2d 875; *People v Every,* 272 AD2d 947, 947-948, *lv denied* 95 NY2d 865). Present—Green, J.P., Pine, Kehoe and Gorski, JJ.