■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL NIEVES, Appellant. (Appeal No. 1.) [750 NYS2d 677] —Appeal from a judgment of Steuben County Court (Latham, J.), entered April 10, 2000, convicting defendant upon his plea of guilty of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: By failing to move either to withdraw his plea of guilty or to vacate the judgment of conviction, defendant has failed to preserve for our review his contention that County Court erred in accepting his plea to attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) without conducting an inquiry on a possible intoxication defense (see People v Harrell, 288 AD2d 489, lv denied 98 NY2d 651; People v Townley, 286 AD2d 885; People v Swank, 278 AD2d 861, lv

*denied* 96 NY2d 807). In any event, that contention lacks merit. Such an inquiry is required only "[w]hen the colloquy raises the possibility of [that] defense" (*People v Munck*, 278 AD2d 662, 663). Here, defendant did not raise an issue of intoxication until he was interviewed by the Probation Department approximately one year after he pleaded guilty.

The contention of defendant that he was denied effective assistance of counsel survives his guilty plea only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance (*see People v Sikes* [appeal No. 1], 286 AD2d 902, *lv denied* 97 NY2d 658; *People v Burke*, 256 AD2d 1244, *lv denied* 93 NY2d 851). Defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel," and thus we conclude that defendant received meaningful representation (*People v Ford*, 86 NY2d 397, 404; *see generally People v Baldi*, 54 NY2d 137, 147). The bargained-for sentence, which was imposed despite the fact that defendant absconded before sentencing, is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.