THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. SCHLAU, Appellant. [749 NYS2d 924] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered March 30, 2000, convicting defendant upon his plea of guilty of felony driving while intoxicated.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS N. JAMES, Appellant. [750 NYS2d 227] —Appeal from a judgment of Wayne County Court (Parenti, J.), entered December 5, 2000, convicting defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Wayne County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), in satisfaction of a three-count indictment. Defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction and thus has failed to preserve for our review his contention concerning

the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665; *People v Williams*, 291 AD2d 891, 892, *lv denied* 98 NY2d 656). In any event, that contention lacks merit. " '[T]here is no requirement that a defendant personally recite the facts underlying his or her crime' " (*Williams*, 291 AD2d at 893), and "[t]he court's duty to inquire further is not triggered merely by the failure of a pleading defendant * * * to recite every element of the crime pleaded to" (*Lopez*, 71 NY2d at 666 n 2).

We agree with defendant, however, that he was improperly sentenced as a second felony offender. In order for an out-of-state conviction to qualify as a predicate felony, the crime must be the equivalent of a felony in New York (*see* Penal Law § 70.06 [1] [b]; *People v Gonzalez*, 61 NY2d 586, 589). It is unclear on the record before us whether the alleged predicate felony, i.e., the Florida crime of aggravated assault with a deadly weapon, is equivalent to the felony of assault or the felony of criminal possession of a weapon in New York (*cf. Gonzalez*, 61 NY2d at 589-592). "[Where the foreign] statute of which defendant stands convicted is so broad that it proscribes conduct which in New York could be either a felony or a misdemeanor" (*id.* at 591), a sentencing court is permitted "to go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction" (*id.* at 590). The sentencing court herein was unable to do so, however, because the records underlying the predicate felony, including the accusatory instrument, were not provided to the sentencing court, and thus those records also are not included in the record on appeal. We therefore modify the judgment by vacating the sentence, and we remit the matter to Wayne County Court for resentencing upon review of the appropriate Florida records (*cf. id.* at 592-593). Present—Green, J.P., Wisner, Hurlbutt, Burns and Gorski, JJ.