The People of the State of New York, Respondent, v Terry L. Brown, Appellant. [759 NYS2d 830] —Appeal from a judgment of Steuben County Court (Latham, J.), entered January 31, 2000, convicting defendant upon his plea of guilty of, inter alia, attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and criminal contempt in the second degree (§ 215.50 [3]). By pleading guilty, defendant forfeited review of County Court's *Molineux* ruling (*see People v Graham,* 261 AD2d 414 [1999], *lv denied* 93 NY2d 971 [1999]; *People v Mead,* 198 AD2d 612, 613 [1993], *lv denied* 82 NY2d 899 [1993]; *People v Gerber,* 182 AD2d 252, 260-261 [1992], *lv denied* 80 NY2d 1026 [1992]). Defendant further contends that his guilty plea was involuntary because he did not specifically recite the facts underlying the crimes to which he pleaded guilty, he expressed uncertainty and confusion concerning the entry of his guilty plea, and he cast doubt upon his guilt when he asserted that he might be suffering from a mental disability. Defendant failed to move to withdraw the plea or to vacate the judgment of conviction on those grounds and thus his contentions are not preserved for our

review (*see generally People v Powless,* 298 AD2d 987 [2002]; *People v Harrell,* 278 AD2d 852 [2000]; *People v Singletary,* 275 AD2d 947, 948 [2000], *lv denied* 96 NY2d 739 [2001]; *People v Smith [Bobby],* 127 AD2d 864 [1987], *lv denied* 69 NY2d 955 [1987]). In any event, those contentions lack merit. First, "there is no requirement that a defendant personally recite the facts underlying his or her crime" (*People v Kinch,* 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]; *see People v James,* 299 AD2d 932 [2002]). Second, the record establishes that defendant did not express confusion or uncertainty concerning the entry of his plea. Third, the court conducted a thorough inquiry when defendant indicated that he might have a mental disability. At the conclusion of that inquiry, defendant indicated that he was thinking clearly and that he was neither diagnosed with nor suffered from any mental disability. Contrary to defendant's contention, the court's inquiry was sufficient to ensure that the plea was voluntary (*see Harrell,* 278 AD2d 852 [2000]).

Defendant further contends that he received ineffective assistance of counsel because defense counsel failed to pursue an available defense of lack of mental capacity. That contention survives the guilty plea "only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance" (*People v Nieves,* 299 AD2d 888, 889 [2002]). "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404 [1995]). In this case, counsel secured a favorable plea bargain for defendant that included a plea to a reduced charge. The record establishes that defendant received meaningful representation (*see Nieves,* 299 AD2d at 889; *People v Moyle,* 188 AD2d 751, 752 [1992]). Thus, we reject the additional contention of defendant that the court erred in denying his motion to withdraw his plea of guilty, which was premised on his contention that he was denied effective assistance of counsel (*see generally People v Alexander,* 97 NY2d 482, 485 [2002]). We also reject the contention of defendant that the court erred in denying his motion to withdraw his plea without affording him a reasonable opportunity to present the reasons for the motion. Defendant, through his attorney, was afforded a reasonable opportunity to advance his reasons for seeking to withdraw the plea and, indeed, defense counsel argued that defendant was denied effective assistance of counsel based on defense counsel's failure to pursue the defense of lack of mental capacity. Contrary to the contention of defendant, the court did not abuse its

discretion in denying his request for an adjournment to obtain more information to support his motion. The record establishes that defendant "had ample opportunity prior to sentencing to obtain psychiatric records to support his motion to withdraw the plea" (*People v Gonzales,* 231 AD2d 939, 940 [1996], *lv denied* 89 NY2d 923 [1996]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.