Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal, and that valid waiver encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]), as well as his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]).

Although the contention of defendant that his plea was not voluntarily, knowingly, and intelligently entered survives his waiver of the right to appeal, defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Harris*, 269 AD2d 839 [2000]). We reject defendant's contention that this is one of those rare cases in which the exception to the preservation requirement applies (*see Lopez*, 71 NY2d at 666). After defendant advised County Court that he had taken prescription pain medication, the court conducted an inquiry that "was sufficient to ensure that the plea was voluntary," and defendant advised the court that he was thinking clearly and understood the proceedings (*People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]).

Defendant further contends that he received ineffective assistance of counsel based on defense counsel's failure to request an adjournment until defendant was no longer taking pain medication. That contention survives the guilty plea and the valid waiver of the right to appeal "only to the extent that defendant contends that his plea was infected by the alleged ineffective assistance" (*People v Nieves*, 299 AD2d 888, 889 [2002], *lv denied* 99 NY2d 631 [2003]; *see People v Kapp*, 59 AD3d 974 [2009], *lv denied* 12 NY3d 818 [2009]), and we conclude that defendant's contention is lacking in merit. Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see Nieves*, 299 AD2d 888 [2002]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

■ In the Matter of IRIS L.H., Petitioner, v ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents, and NESTOR H., Appellant. (Appeal No. 1.) [890 NYS2d 872]—

Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

In the Matter of NESTOR H.O., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NESTOR H., Appellant, et al., Respondent. (Appeal No. 2.) [891 NYS2d 819]—

Memorandum: Respondent father appeals from an order terminating his parental rights pursuant to Social Services Law § 384-b on the ground of permanent neglect and freeing his son for adoption. By virtue of the father's admission of permanent neglect, petitioner, Onondaga County Department of Social Services, was not required to establish that it made diligent efforts to reunite the father with his son (*see Matter of Aidan D.*, 58 AD3d 906, 908 [2009]). Further, once permanent neglect has been established, "[a]n order of disposition shall be made . . . solely on the basis of the best interests of the child, and there shall be no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631). Thus, contrary to the father's contention, "[a] blood relative does not take precedence over a prospective adoptive parent selected by the authorized agency" (*Matter of Deborah F. v Matika G.*, 50 AD3d 1213, 1215 [2008]). Finally, the further contention of the father that Family Court erred in failing to issue a suspended judgment is unpreserved for our review, inasmuch as he failed to request that the court issue such a judgment (*see Matter of Shadazia W.*, 48 AD3d 1058 [2008]; *Matter of Charles B.*, 46 AD3d 1430, 1431 [2007], *lv denied* 10 NY3d 705 [2008]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

In the Matter of JAMES R. DART, Respondent, v MARION G. WOOLMAN, Appellant. [890 NYS2d 887]—