# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**347**

**KA 10-00015**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                              MEMORANDUM AND ORDER

JOHN J. DOVE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered November 24, 2009.  The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [2]).  We reject defendant's contention that County Court abused its discretion in denying his request to adjourn sentencing in order to obtain a psychiatric evaluation (*see People v Dockery*, 174 AD2d 432, *lv denied* 78 NY2d 1010).  "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*People v Patterson*, 177 AD2d 1042, *lv denied* 79 NY2d 1049, 1052; *see Matter of Anthony M.*, 63 NY2d 270, 283).  Here, a psychiatric evaluation would not have altered the terms of defendant's plea bargain.  Moreover, defendant had approximately eight months between the date that he was arrested and the date of sentencing to obtain such an evaluation (*see People v Brown*, 305 AD2d 1068, 1069-1070, *lv denied* 100 NY2d 579).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court