# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

103

KA 10-01011

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JEFFREY A. HAVERS, DEFENDANT-APPELLANT.

---

JAMES L. DOWSEY, III, ELLICOTTVILLE (KELIANN M. ELNISKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered June 8, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]). Although defendant's contention that his plea was not voluntarily, knowingly and intelligently entered survives his valid waiver of the right to appeal, defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Zulian*, 68 AD3d 1731, *lv denied* 14 NY3d 894). We reject defendant's contention that this is one of those rare cases in which the exception to the preservation requirement applies (*see People v Lopez*, 71 NY2d 662, 666). Defendant's further contention that he was denied effective assistance of counsel does not survive his guilty plea or his valid waiver of the right to appeal inasmuch as defendant "failed to demonstrate that 'the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912). Finally, to the extent that defendant challenges County Court's suppression ruling following the *Huntley* hearing, his valid waiver of the right to appeal encompasses that ruling (*see People v Kemp*, 94 NY2d 831, 833; *People v Gilbert*, 17 AD3d 1164, *lv denied* 5 NY3d 762).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court