# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

786

KA 12-01017

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TREVON A. LUGG, DEFENDANT-APPELLANT.

---

REBECCA L. WITTMAN, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered January 28, 2009. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]), defendant contends that his waiver of indictment was invalid because the subsequent guilty plea was to a crime not charged in the superior court information (SCI) or contained within the waiver of indictment. We reject that contention. The SCI charged defendant with grand larceny in the third degree for cashing forged checks at a bank in Utica in an amount exceeding $5,700, and the waiver of indictment in fact specified that grand larceny in the third degree was included therein (*see* CPL 195.20). To the extent that defendant is challenging the sufficiency of the factual allocution, his contention is unpreserved for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665). We note in any event that, upon further inquiry by County Court, defendant admitted to cashing the checks in Utica (*see generally id.* at 666). Defendant further contends that he was denied effective assistance of counsel. To the extent that his contention survives his plea of guilty (*see People v Nieves*, 299 AD2d 888, 889, *lv denied* 99 NY2d 631), we conclude that it is lacking in merit (*see generally People v Ford*, 86 NY2d 397, 404).

Entered: July 19, 2013                    Frances E. Cafarell
                                          Clerk of the Court