People v Evancho (2025 NY Slip Op 01741)

People v Evancho

2025 NY Slip Op 01741

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

168 KA 20-00014

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID EVANCHO, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MICHAEL JOSEPH KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 15, 2019. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [12]), defendant contends that his plea was involuntary because his statements during the plea proceeding indicated that he had a learning disability and was confused and Supreme Court failed to conduct a sufficient inquiry to ensure that the plea was voluntary. Although defendant retains the right to appellate review of his challenge to the voluntariness of the plea regardless of the validity of his waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), defendant correctly concedes that his challenge is not preserved for our review because he did not move to withdraw his guilty plea or to vacate the judgment of conviction (see People v Miranda, 233 AD3d 1524, 1524 [4th Dept 2024]; People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024], lv denied — NY3d — [2025]). Contrary to defendant's contention, we conclude this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). While defendant initially indicated that he had a learning disability that made it difficult for him to understand the proceeding and that he was slightly confused about pleading guilty, the record establishes that the court properly accepted the plea only after making appropriate "further inquir[ies] to ensure that defendant underst[ood] the nature of the charge and that the plea [was] intelligently entered" (id.; see People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018];
People v Brown, 305 AD2d 1068, 1068-1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court