People v Reynolds (2025 NY Slip Op 03479)

People v Reynolds

2025 NY Slip Op 03479

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

461 KA 23-01858

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALISSA L. REYNOLDS, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 26, 2023. The judgment convicted defendant upon her plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her guilty plea of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that she was deprived of effective assistance of counsel by defense counsel's failure to move to strike the People's certificate of compliance and failure to move to dismiss the indictment on speedy trial grounds. We reject that contention.
"In the context of a guilty plea, a defendant has been afforded meaningful representation when [the defendant] receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Moore, 229 AD3d 1279, 1279-1280 [4th Dept 2024] [internal quotation marks omitted]). Here, the record establishes that defendant received a favorable plea and that defendant received meaningful representation (see People v Brown, 305 AD2d 1068, 1069 [4th Dept 2003], lv denied 100 NY2d 579 [2003]). We note that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Little, 229 AD3d 1156, 1157-1158 [4th Dept 2024], lv denied 42 NY3d 971 [2024]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court