■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT LONG, Appellant. [811 NYS2d 377]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered July 8, 2004, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and robbery in the first degree, and sentencing him to consecutive terms of 25 years and 10 years, respectively, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The court properly imposed consecutive sentences for manslaughter and robbery since it is clear from the careful plea allocution the manslaughter was not part of the robbery, but was an "unnecessary afterthought" (*People v Smiley*, 121 AD2d 274, 276 [1986], *lv denied* 68 NY2d 817 [1986]). Nevertheless, defendant argues that concurrent sentences were required because the act constituting the manslaughter was a material element of the robbery. Defendant claims that he pleaded guilty to a count charging robbery in the first degree under Penal Law § 160.15 (1) (causes serious physical injury), and that the homicidal act constituting the manslaughter was the same act that caused the robbery's serious physical injury (*see People v Laureano*, 87 NY2d 640, 644-645 [1996]). Under the circumstances presented, this argument is foreclosed by defendant's waiver of his right to appeal, as well as being an unpreserved claim that we decline to review in the interest of justice. While a challenge to the legality of a sentence ordinarily survives an appeal waiver and is exempt from preservation requirements (*see People v Samms*, 95 NY2d 52, 56 [2000]), here, defendant's claim turns on a factual dispute as to whether he pleaded guilty to robbery in the first degree under Penal Law § 160.15 (1) or (2). Thus, he was required to raise the issue and provide the court with the opportunity to clarify the record (*see People v Nieves*, 2 NY3d 310, 315 [2004]). In any event, we find that the People met their burden of establishing that the plea was under a count charging robbery under Penal Law § 160.15 (2) (armed with a deadly weapon), as the plea minutes demonstrate. Accordingly, the concern expressed in *Laureano* does not apply.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]), providing for the imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal. Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.