■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK COLE, Appellant. [839 NYS2d 389]—Appeal from a judgment of the Onondaga County Court (Jeffrey M. Merrill, J.), rendered June 14, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]), defendant contends that his plea was not knowingly, voluntarily or intelligently entered because County Court failed to elicit from defendant the underlying facts of the crimes to which he was pleading guilty. That contention "is actually a challenge to the factual sufficiency of the plea allocution . . . , [which] is encompassed by the valid waiver of the right to appeal" (*People v Wilson*, 38 AD3d 1348, 1348 [2007]; *see also People v Montstream*, 21 AD3d 1353 [2005], *lv denied* 6 NY3d 756 [2005]; *People v King*, 20 AD3d 907 [2005], *lv denied* 5 NY3d 829 [2005]). In any event, defendant's contention lacks merit. "[N]o factual colloquy was required inasmuch as defendant pleaded guilty to a lesser included offense" (*People v Thelbert*, 17 AD3d 1049, 1049 [2005]; *see People v Williams*, 35 AD3d 1198, 1199

[2006], *lv denied* 8 NY3d 928 [2007]; *People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]). Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.