THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY BAILEY, Appellant. [852 NYS2d 892]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05). We note at the outset that, contrary to the contention of defendant, his waiver of the right to appeal is not void as against public policy (*see generally People v Muniz*, 91 NY2d 570, 573-575 [1998]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 7-11 [1989]). The further contention of defendant that his plea was not knowing, voluntary, or intelligent because he did not recite the underlying facts of the crime but simply replied to County Court's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution (*see People v Cole*, 42 AD3d 963 [2007], *lv denied* 9 NY3d 990 [2007]). That contention is encompassed by defendant's valid waiver of the right to appeal (*see id.*), and we further note that defendant failed to preserve his contention for our review by challenging the factual sufficiency of the plea allocution in his motion to withdraw the plea or by moving to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Brown*, 305 AD2d 1068 [2003], *lv denied* 100 NY2d 579 [2003]). In any event, there is no requirement that defendant recite the underlying facts of the crime to which he is pleading guilty (*see Brown*, 305 AD2d at 1069). Finally, the court did not abuse its discretion in denying defendant's motion to withdraw the guilty plea (*see* CPL 220.60 [3]). The record establishes that defendant was afforded a reasonable opportunity to present his factual and legal contentions, which "enabled [the court] to make [the requisite] informed determination" in denying defendant's motion (*People v Tinsley*, 35 NY2d 926, 927 [1974]). Present— Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.