■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR GRIMES, Appellant. [860 NYS2d 723]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 17, 2005. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree, sexual abuse in the first degree, arson in the second degree, burglary in the first degree (two counts), assault in the first degree (two counts), assault in the second degree, reckless endangerment in the first degree, robbery in the first degree (two counts), petit larceny (two counts) and criminal impersonation in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Contrary to the contention of defendant, the record establishes that his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Peterson*, 35 AD3d 1195 [2006], *lv denied* 8 NY3d 926 [2007]). County Court thoroughly reviewed the consequences of the waiver with defendant, after which defendant indicated that he understood those consequences and waived the right to appeal both orally and in

writing (*see Peterson*, 35 AD3d 1195 [2006]). We reject defendant's further contention that the waiver of the right to appeal is against public policy (*see id.*; *see generally People v Muniz*, 91 NY2d 570, 573-574 [1998]; *People v Callahan*, 80 NY2d 273, 279-280 [1992]). The valid waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v McMillon*, 31 AD3d 1197 [2006]; *People v Pan Zhi Feng*, 15 AD3d 862 [2005], *lv denied* 5 NY3d 809 [2005]), as well as his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

The challenge by defendant to the factual sufficiency of the plea allocution is also encompassed by his valid waiver of the right to appeal (*see People v Jackson*, 50 AD3d 1615 [2008]) and, in any event, defendant failed to preserve that challenge for our review. Defendant failed to move to withdraw his plea and did not challenge the factual sufficiency of the plea allocution in his postjudgment motion pursuant to CPL 440.10 (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Vibbert*, 48 AD3d 1259 [2008], *lv denied* 10 NY3d 817 [2008]). Defendant also failed to preserve for our review his contention that the plea was involuntary inasmuch as he failed to move to withdraw the plea, and his postjudgment motion pursuant to CPL 440.10 did not seek vacatur on that ground (*see People v Tantao*, 41 AD3d 1274, 1275 [2007], *lv denied* 9 NY3d 882 [2007]). In any event, that contention also is without merit. The court's denial of the request by defendant for an adjournment of the plea proceeding to afford him more time to consider whether to enter the plea does not render the plea involuntary. There is no indication on the record before us that defendant's request was anything more than a delaying tactic (*see People v Ippolito*, 226 AD2d 285 [1996], *lv denied* 88 NY2d 966 [1996]). Further, "the fact that defendant was required 'to accept or reject the plea offer within a short time period does not amount to coercion' " (*People v Irvine*, 42 AD3d 949, 949 [2007], *lv denied* 9 NY3d 962 [2007]; *see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]).

Finally, we note that the certificate of conviction incorrectly reflects that defendant was indicted for and convicted of criminal impersonation in the first degree, and it must therefore be amended to reflect that defendant was indicted for and convicted of criminal impersonation in the second degree (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.