■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BROWN, Appellant. [885 NYS2d 660]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 14, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to the contentions of defendant, we conclude that his waiver of the right to appeal is valid (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and that it is not void as against public policy (*see People v Carmody*, 53 AD3d 1048 [2008], *lv denied* 11 NY3d 830 [2008]). The further contention of defendant that his plea was not knowing, voluntary, or intelligent because he gave only "monosyllabic responses" to County Court's questions in effect constitutes a challenge to the factual sufficiency of the plea allocution and thus is encompassed by the valid waiver of the right to appeal (*see People v Bailey*, 49 AD3d 1258, 1259 [2008], *lv denied* 10 NY3d 932 [2008]; *People v Cole*, 42 AD3d 963 [2007], *lv denied* 9 NY3d 990 [2007]). Although the further ground for the contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered "survives his valid waiver of the right to appeal . . . , defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review" (*People v Dozier*, 59 AD3d 987, 987 [2009], *lv denied* 12 NY3d 815 [2009]; *see People v Neal*, 56 AD3d 1211 [2008], *lv denied* 12 NY3d 761 [2009]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *Neal*, 56 AD3d 1211 [2008]). To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and waiver of the right to appeal (*see People v Gimenez*, 59 AD3d 1088 [2009], *lv denied* 12 NY3d 816 [2009]; *People v Bethune*, 21 AD3d 1316 [2005], *lv denied* 6 NY3d 752 [2005]), we reject that contention (*see generally People v Ford*, 86 NY2d

397, 404 [1995]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.