■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JAMISON, Appellant. (Appeal No. 1.) [896 NYS2d 780]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 7, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated murder (three counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of three counts of attempted aggravated murder (Penal Law §§ 110.00, 125.26 [1] [a] [i]). We reject at the outset the contention of defendant that his waiver of the right to appeal is void as against public policy (*see People v Muniz*, 91 NY2d 570, 575 [1998]). Also contrary to the contention of defendant, the record establishes that his waiver of the right to appeal was voluntary, knowing and intelligent (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Grimes*, 53 AD3d 1055, 1055-1056 [2008], *lv denied* 11 NY3d 789 [2008]).

The further contention of defendant that his plea was not voluntary, knowing and intelligent because he did not recite the underlying facts of the crimes to which he pleaded guilty but simply replied to County Court's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution. That challenge is encompassed by the valid waiver of the right to appeal (*see People v Brown*, 66 AD3d 1385 [2009]; *People v Peters*, 59 AD3d 928 [2009], *lv denied* 12 NY3d 820 [2009]; *People v Bailey*, 49 AD3d 1258 [2008], *lv denied* 10 NY3d 932 [2008]) and, in any event, defendant failed to preserve that challenge for our review by moving to withdraw the plea or by raising that ground in his motion to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *Bailey*, 49 AD3d at 1259). With respect to the merits of that challenge, we note that "there is no requirement that defendant recite the underlying facts of the crime[s] to which he is pleading guilty" (*Bailey*, 49 AD3d at 1259; *see People v VanDeViver*, 56 AD3d 1118 [2008], *lv denied* 11 NY3d 931, 12 NY3d 788 [2009]).

In appeal No. 2, defendant appeals from an order denying his pro se CPL 440.30 motion to vacate the judgment of conviction. This Court granted defendant leave to appeal from that order pursuant to CPL 450.15 (1). We reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to pursue the defense that defendant was not guilty by reason of mental defect. The record establishes that defendant both understood the nature of the plea and

sentence and denied any mental incapacity during the plea proceedings (*see People v Courcelle*, 15 AD3d 688, 689 [2005], *lv denied* 4 NY3d 829 [2005]), and two psychiatric evaluations conducted pursuant to CPL article 730 that were completed one month after the commission of the crimes to which he pleaded guilty indicated that defendant's prior psychiatric diagnoses did not affect the ability of defendant to understand the nature of the charges against him and concluded that he was competent to stand trial. We thus conclude that defendant failed to demonstrate the absence of a strategic basis for defense counsel's failure to pursue that defense (*see People v Crespo*, 49 AD3d 1308 [2008]; *see generally People v Rivera*, 71 NY2d 705, 708-709 [1988]). Indeed, the record establishes that defendant received an advantageous plea agreement, and nothing in the record suggests that defense counsel's representation was anything less than meaningful (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Contrary to defendant's contention, the court properly denied the motion without conducting a hearing "because, given the nature of the claimed ineffective assistance, the motion could be determined on the trial record and defendant's submissions on the motion" (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *see People v Lake*, 235 AD2d 921 [1997], *lv denied* 89 NY2d 1091, 1096 [1997]; *People v Shamblee*, 222 AD2d 834 [1995], *lv denied* 88 NY2d 994 [1996]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.