■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE TAYLOR, Appellant. [900 NYS2d 784]—

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 17, 2008, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was upset with his former girlfriend and stabbed her after encountering her on a street in the City of Albany causing her to suffer a lacerated liver and other injuries. Defendant was indicted for assault in the second degree and criminal mischief in the third degree. On January 28, 2008, defendant pleaded guilty to assault in the second degree. Pursuant to the terms of the plea agreement, defendant agreed to be sentenced as a mandatory persistent violent felony offender to a prison term of 12 years to life. As a part of his plea allocution, defendant admitted that he had previously been convicted for robbery in the second degree and robbery in the first degree, in 1987 and 1991, respectively.

At sentencing, the People filed a special information charging that defendant was previously convicted of the two robbery charges. Defendant again admitted his previous convictions at sentencing, yet requested an adjournment contending that New York's persistent sentencing guidelines were unconstitutional. County Court denied defendant's request for an adjournment and sentenced defendant pursuant to the plea agreement, noting that defendant reserved his right to appeal "whether the mandatory persistent violent felony offender statute is legally available to this court for sentencing purposes." Defendant appeals, contending that (1) he preserved his right to challenge

2.  Defendant later entered a guilty plea on those charges.

the validity of his sentencing, (2) County Court erred in failing to adjourn the sentencing proceeding, (3) the People failed to provide sufficient foundation for the court's finding that defendant was a persistent violent felony offender, and (4) Penal Law § 70.08 violates the Equal Protection Clauses of the State and Federal Constitutions.

"[T]he right to appeal may be waived as a condition of a sentence or plea bargain, provided that the waiver was voluntarily made and no important public policies or societal interests are implicated" (*People v Callahan*, 80 NY2d 273, 277 [1992]). "[A]n appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to 'the very heart of the process' " (*People v Lopez*, 6 NY3d 248, 255 [2006], quoting *People v Hansen*, 95 NY2d 227, 230 [2000]). As is relevant to this case, challenges to the legality of a sentence remain outside the ambit of a valid appeal waiver and, thus, may be raised on appeal (*see People v Callahan*, 80 NY2d at 280-281).

Here, a review of the plea allocution reveals that County Court carefully explained the terms of this particular plea agreement. Among other things, the court informed defendant that by entering into the plea, he was admitting his guilt to both the 1987 and 1991 felony convictions, he was admitting to committing the crime of assault in the second degree and agreeing to a conviction as a mandatory persistent violent felony offender, and he was waiving his right to appeal as separate and apart from those rights automatically forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d at 256). The court further provided defendant with a written waiver of appeal. Accordingly, we conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal.

While County Court noted at sentencing defendant's reservation of his right to appeal the legality and constitutionality of the persistent violent felony offender statute, only a fraction of defendant's appeal addresses the legality of his sentence. Defendant's valid waiver of his right to appeal precludes him from challenging the procedure used in sentencing him as a persistent violent felony offender (*see People v Callahan*, 80 NY2d at 281; *People v Backus*, 43 AD3d 409, 410 [2007], *lv denied* 9 NY3d 959 [2007]). We disagree with the argument that County Court's statement reserving defendant's appellate rights to challenge the legality and constitutionality of New York's mandatory persistent violent felony offender statute was ambiguous, such that defendant should now be permitted to challenge the sufficiency of the People's predicate statement.

Finally, although defendant's contention that Penal Law

§ 70.08 (3) (c) violates the Equal Protection Clauses of the State and Federal Constitutions is not barred by his valid waiver of the right to appeal, his challenge in this regard is without merit (*see People v Ward*, 260 AD2d 585, 586 [1999], *lv denied* 93 NY2d 1029 [1999]).*

The remaining contentions set forth in defendant's pro se brief are barred by his waiver of his right to appeal.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

---

* Because Penal Law § 70.08 requires the sentencing court to make no factual finding other than the fact of two or more predicate violent felony convictions, its constitutionality under the 6th and 14th Amendments has not been implicated by *Besser v Walsh* (601 F3d 163 [2d Cir 2010]).