■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD SIMCOE, Appellant. [902 NYS2d 489]—Appeal from a judg-

ment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 7, 2008. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class D felony.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]). We reject the contention of defendant that his waiver of the right to appeal is void as against public policy (see People v Muniz, 91 NY2d 570, 573-575 [1998]). Contrary to the further contention of defendant, the record establishes that his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Grimes, 53 AD3d 1055 [2008], lv denied 11 NY3d 789 [2008]).

The contention of defendant that his plea was not knowing, intelligent and voluntary "because he did not recite the underlying facts of the crime but simply replied to County Court's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution," which is encompassed by the valid waiver of the right to appeal (People v Bailey, 49 AD3d 1258, 1259 [2008], lv denied 10 NY3d 932 [2008]; see People v Brown, 66 AD3d 1385 [2009]; People v Peters, 59 AD3d 928 [2009], lv denied 12 NY3d 820 [2009]). In any event, that challenge lacks merit inasmuch as "there is no requirement that defendant recite the underlying facts of the crime to which he is pleading guilty" (Bailey, 49 AD3d at 1259; see People v VanDeViver, 56 AD3d 1118 [2008], lv denied 11 NY3d 931 [2009], denied reconsideration 12 NY3d 788 [2009]). Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.