■ The People of the State of New York, Respondent, v Aaron L. Ruffins, Appellant. [910 NYS2d 625]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered January 20, 2009. The judgment convicted defendant, upon a his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the second degree (Penal Law § 160.10 [2] [a]). We reject the contention of defendant that his waiver of the right to appeal was not knowingly,

voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Streeter*, 71 AD3d 1463 [2010], *lv denied* 14 NY3d 893 [2010]). The responses of defendant to County Court's questions during the plea colloquy establish that he understood the consequences of waiving the right to appeal and voluntarily waived that right (*see People v Tantao*, 41 AD3d 1274 [2007], *lv denied* 9 NY3d 882 [2007]). Furthermore, there is no indication in the record that the age, experience, or background of defendant rendered his waiver of the right to appeal invalid (*see generally People v Seaberg*, 74 NY2d 1, 11 [1989]). Although the contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered because of an alleged misrepresentation made by the court "survives his valid waiver of the right to appeal . . . , defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review" (*People v Dozier*, 59 AD3d 987, 987 [2009], *lv denied* 12 NY3d 815 [2009]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Brown*, 66 AD3d 1385 [2009], *lv denied* 14 NY3d 839 [2010]).

Defendant further contends that the conviction was "jurisdictionally defective" because there was no "factual predicate" for the crime to which he pleaded guilty. Defendant in effect is thereby challenging the factual sufficiency of the plea allocution, and that challenge therefore is encompassed by defendant's waiver of the right to appeal (*see People v Jamison*, 71 AD3d 1435, 1436 [2010], *lv denied* 14 NY3d 888 [2010]; *Brown*, 66 AD3d at 1385). Additionally, defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see Lopez*, 71 NY2d at 665; *Jamison*, 71 AD3d at 1436). In any event, that challenge is without merit inasmuch as "there is no requirement that defendant recite the underlying facts of the crime to which he is pleading guilty" (*People v Bailey*, 49 AD3d 1258, 1259 [2008]; *see People v Seeber*, 4 NY3d 780 [2005]). Lastly, the waiver by defendant of the right to appeal encompasses his contention that the sentence is unduly harsh and severe (*see Lopez*, 6 NY3d at 256). Present—Centra, J.P., Carni, Sconiers and Pine, JJ.