# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**422**

**KA 08-01897**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

GEORGE BASTIAN, DEFENDANT-APPELLANT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, INC., CONFLICT DEFENDERS, WARSAW (ANNA JOST OF COUNSEL), FOR DEFENDANT-APPELLANT.

GEORGE BASTIAN, DEFENDANT-APPELLANT PRO SE.

THOMAS E. MORAN, DISTRICT ATTORNEY, GENESEO (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered August 8, 2008. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and scheme to defraud in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and two counts of scheme to defraud in the first degree (§ 190.65 [1] [a], [b]). Defendant failed to preserve for our review his contention in his main brief that the conviction of grand larceny is not supported by legally sufficient evidence inasmuch as his motion for a trial order of dismissal was not directed at that count (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). In any event, we reject that contention, as well as the further contention of defendant that the evidence is legally insufficient to support the conviction of scheme to defraud (*see generally People v Bleakley*, 69 NY2d 490, 495). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention in his main brief that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant's contentions regarding the legal sufficiency of the evidence before the grand jury raised in his pro se supplemental brief are not properly before us because such contentions are "not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (*People v Pelchat*, 62 NY2d 97, 109). Contrary to defendant's contention in his pro se supplemental brief, we conclude

that he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention in his main and pro se supplemental briefs that he was deprived of a fair trial by prosecutorial misconduct (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849) and, in any event, that contention lacks merit. Although a remark by the prosecutor on summation was improper because it "play[ed] on the sympathies and fears of the jury" (*People v Ortiz-Castro*, 12 AD3d 1071, *lv denied* 4 NY3d 766), that misconduct was not so egregious as to deprive defendant of a fair trial (*see generally People v Galloway*, 54 NY2d 396, 401). In addition, contrary to defendant's contention, the prosecutor did not engage in misconduct by eliciting testimony that defendant had turned off the heat at a daycare center on the ground that he was angry with the proprietor of the daycare center. "[T]he challenged testimony was properly [elicited] since defendant opened the door to the prosecutor's limited redirect examination" by questioning the proprietor about calling the police to register a complaint against defendant (*People v Kirker*, 21 AD3d 588, 590, *lv denied* 5 NY3d 853; *see People v Wright*, 209 AD2d 231, *lv denied* 85 NY2d 945). We decline to exercise our power to review defendant's remaining contentions with respect to alleged instances of prosecutorial misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention in his main and pro se supplemental briefs, County Court's *Molineux* rulings were proper and the court properly denied his motion pursuant to CPL 330.30 based on the alleged *Molineux* errors. First, we conclude that the court properly admitted in evidence bad checks in addition to those at issue in this case to support their *Molineux* theory. The record establishes that defendant wrote those checks on the same closed account at approximately the same time as the checks at issue in this case. Thus, the additional checks were properly admitted in evidence where, as here, they were relevant to "the motive and state of mind [of defendant] . . . and [were] found [by the court] to be needed as background material . . . or to complete the narrative of the episode" (*People v Till*, 87 NY2d 835, 837 [internal quotation marks omitted]). Defendant failed to preserve for our review his contention that the People exceeded the scope of the court's *Molineux* ruling (*see People v Bermejo*, 77 AD3d 965, 965-966), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

"Defendant's constitutional challenge [in his main brief] to the persistent felony offender statute is not properly before us, inasmuch as there is no indication in the record that the Attorney General was given the requisite notice of that challenge" (*People v Perez*, 67 AD3d 1324, 1326, *lv denied* 13 NY3d 941; *see generally People v Brown*, 64 AD3d 611; *People v Mays*, 54 AD3d 778, *lv denied* 11 NY3d 927). In any event, it is well settled that defendant's contention that "New York's discretionary persistent felony offender sentencing scheme is constitutionally infirm . . . [is] unavailing" (*People v Quinones*, 12

NY3d 116, 122, *cert denied* ___ US ___, 130 S Ct 104), and we reject his contentions in his pro se supplemental brief that he was improperly adjudicated a persistent felon and that the sentence is unduly harsh and severe.

The remaining contentions expressly addressed herein are raised in defendant's pro se supplemental brief. We reject the contention of defendant that the court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds. "Contrary to defendant's contention, the People satisfied their obligation pursuant to CPL 30.30 when they announced their readiness for trial at defendant's arraignment on the misdemeanor charges" upon which defendant was originally prosecuted (*People v Piquet*, 46 AD3d 1438, 1438-1439, *lv denied* 10 NY3d 770). Although the People were properly charged with the delay between their request for an adjournment to present the matter to a grand jury and their statement of readiness on the resulting indictment, the total delay that resulted was less than six months, and thus defendant's statutory right to a speedy trial was not violated (*see People v Capellan*, 38 AD3d 393, *lv denied* 9 NY3d 873; *see generally People v Cooper*, 90 NY2d 292, 294). We reject the further contention of defendant concerning constitutional double jeopardy violations with respect to several of the checks at issue. Although defendant was not required to preserve that contention for our review (*see People v Biggs*, 1 NY3d 225, 231; *People v Michael*, 48 NY2d 1, 6-8), and in fact did not do so, "[o]n the record before us, [we perceive] no constitutional double jeopardy violation[s]" (*People v Dodge*, 38 AD3d 1324, 1325, *lv denied* 9 NY3d 874). Defendant's improper subpoena claims involve matters outside the record, and thus any such claims must be raised by way of a motion pursuant to CPL article 440 (*see generally People v Schrock*, 73 AD3d 1429, 1431, *lv denied* 15 NY3d 855).

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit.

Entered: April 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court