# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**511**

**KA 09-00027**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD E. MCCARTHY, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Spencer J. Ludington, A.J.), rendered February 21, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated murder and arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted aggravated murder (Penal Law §§ 110.00, 125.26 [1]) and arson in the third degree (§ 150.10 [1]). We reject defendant's contention that his waiver of the right to appeal is invalid. County Court "made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof, and the record reflects that defendant understood that the waiver of the right to appeal was 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Graham*, 77 AD3d 1439, 1439, *lv denied* 15 NY3d 920, quoting *People v Lopez*, 6 NY3d 248, 256; *see People v McKeon*, 78 AD3d 1617). Defendant's further contention that his plea was not knowing, intelligent and voluntary " 'because he did not recite the underlying facts of the crime[s] but simply replied to County Court's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (*People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778, quoting *People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932; *see People v Grimes*, 53 AD3d 1055, 1056, *lv denied* 11 NY3d 789). Defendant's challenge to the sufficiency of the factual allocution is unpreserved for our review inasmuch as he did not move to withdraw the plea or to set aside the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665). In any event, there is no merit to defendant's challenge because "there is no requirement that defendant recite the underlying facts of the crime to which he [or she] is

pleading guilty" (*Bailey*, 49 AD3d at 1259).

The valid waiver by defendant of the right to appeal does not encompass his challenge to the amount of restitution ordered inasmuch as that amount was not included in the terms of the plea agreement (*see People v Straw*, 70 AD3d 1341, *lv denied* 14 NY3d 844; *cf. People v Butler*, 81 AD3d 1465; *People v Thomas*, 77 AD3d 1325, 1326). Defendant failed to preserve his challenge to the amount of restitution for our review, however, by failing to object to that amount at the time of sentencing or requesting a hearing on that issue (*see People v Jorge N.T.*, 70 AD3d 1456, 1457, *lv denied* 14 NY3d 889; *People v Hannig*, 68 AD3d 1779, 1780, *lv denied* 14 NY3d 801), and we decline to exercise our power to review that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, defendant contends that the imposition of restitution was illegal because the New York State Police Department was not a "victim" within the meaning of the restitution statute (Penal Law § 60.27). We agree with defendant that his contention concerning the alleged illegality of the restitution portion of the sentence is not precluded by his waiver of the right to appeal, nor is preservation required with respect to that contention (*see People v Pump*, 67 AD3d 1041, 1042, *lv denied* 13 NY3d 941; *People v Long*, 27 AD3d 302, *lv denied* 6 NY3d 850; *People v Casiano*, 8 AD3d 761, 762). Nonetheless, we conclude that there is no merit to defendant's contention. Penal Law § 60.27 defines the term victim in relevant part as "the victim of the offense" (§ 60.27 [4] [b]). The term offense includes "the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (§ 60.27 [4] [a]). Here, defendant drove his vehicle head-on into a marked police vehicle operated by a police sergeant, causing significant damage to the police vehicle. Thus, "the restitution did not reimburse the police for the normal operating costs of law enforcement that are voluntarily incurred . . .; instead, it covered the cost of repairing a police [vehicle] that was damaged as a direct result of defendant's criminal conduct" (*People v Barnett*, 237 AD2d 917, 918, *lv denied* 90 NY2d 855; *see People v Cruz*, 81 NY2d 996, 997-998).

Entered:  April 29, 2011                         Patricia L. Morgan
                                                 Clerk of the Court