# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

973

KA 08-00431

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CANDY BUSKE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 4, 2008. The judgment convicted defendant, upon her plea of guilty, of attempted criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [1]). We reject defendant's contention that her waiver of the right to appeal was invalid. "County Court's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that 'the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Kulyeshie*, 71 AD3d 1478, 1478, *lv denied* 14 NY3d 889, quoting *People v Lopez*, 6 NY3d 248, 256). The further contention of defendant that her plea was not knowing, voluntary, or intelligent because she did not recite the underlying facts of the crime to which she pleaded guilty is actually a challenge to the factual sufficiency of the plea allocution and thus is encompassed by the valid waiver of the right to appeal (*see People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778; *People v Jamison*, 71 AD3d 1435, 1436, *lv denied* 14 NY3d 888). We further note that defendant failed to preserve her contention for our review because she did not move to vacate the judgment of conviction, nor did she raise that ground in her motion to withdraw the plea (*see Jamison*, 71 AD3d at 1436). In any event, defendant's contention is without merit. "[T]here is no requirement that defendant recite the underlying facts of the crime to which he [or she] is pleading guilty" (*People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932; *see People v Williams*, 291 AD2d 891, 893, *lv denied* 98 NY2d 656).

Finally, defendant contends that the court failed to conduct a sufficient inquiry before denying her motion to withdraw her guilty plea and abused its discretion in denying her motion. We reject those contentions. First, "[t]he defendant should be afforded [a] reasonable opportunity to present his [or her] contentions [in support of the motion] and the court should be enabled to make an informed determination" based thereon (*People v Tinsley*, 35 NY2d 926, 927; *see People v Strasser*, 83 AD3d 1411; *People v Harris*, 63 AD3d 1653, *lv denied* 13 NY3d 744), and the record establishes that such was the case here. Second, with respect to the merits of the motion, defendant's claim of innocence in support thereof was belied by her statements during the plea colloquy (*see People v Gumpton*, 81 AD3d 1441, 1442; *People v Nichols*, 77 AD3d 1339, 1340, *lv denied* 15 NY3d 954). "The court was presented with a credibility determination when defendant moved to withdraw [her] plea and advanced [her] belated claim[] of innocence . . ., and it did not abuse its discretion in discrediting th[at] claim[]" (*People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court