■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT KORBER, Appellant. [932 NYS2d 780]—

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]) and rape in the first degree (§ 130.35 [1]). Contrary to defendant's contention, he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [2010] [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256).

Defendant's further contention "that his plea was not knowing, intelligent and voluntary 'because he did not recite the underlying facts of the crime[s] but simply replied to [the c]ourt's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (*People v Simcoe*, 74 AD3d 1858, 1859 [2010], *lv denied* 15 NY3d 778 [2010]; *see People v Brown*, 66 AD3d 1385 [2009], *lv denied* 14 NY3d 839 [2010]). Moreover, defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Jamison*, 71 AD3d 1435 [2010], *lv denied* 14 NY3d 888 [2010]; *People v Lacey*, 49 AD3d 1259, 1259-1260 [2008], *lv denied* 10 NY3d 936 [2008]).

Defendant's constitutional challenge to the persistent felony

offender statute is unpreserved for our review (see *People v Besser*, 96 NY2d 136, 148 [2001]; *People v Watkins*, 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]), and " 'there is no indication in the record that the Attorney General was given the requisite notice of that challenge' " (*People v Bastian*, 83 AD3d 1468, 1469-1470 [2011], *lv denied* 17 NY3d 813 [2011]). In any event, defendant's challenge is without merit (see *People v Battles*, 16 NY3d 54, 59 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]; *People v Rawlins*, 10 NY3d 136, 158 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]; *Bastian*, 83 AD3d at 1470). Defendant's contention that the court erred in failing to conduct a hearing before sentencing him as a persistent felony offender is encompassed by his valid waiver of the right to appeal (see *People v Taylor*, 73 AD3d 1285, 1286 [2010], *lv denied* 15 NY3d 810 [2010]). Moreover, defendant failed to preserve that contention for our review (see *generally People v Proctor*, 79 NY2d 992, 994 [1992]).

Finally, defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (see *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Scudder, P.J., Carni, Lindley, Sconiers and Green, JJ.