# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1223**
**KA 10-01966**
PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SCOTT KORBER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 15, 2007. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]) and rape in the first degree (§ 130.35 [1]). Contrary to defendant's contention, he knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea (*see generally People v Lopez*, 6 NY3d 248, 256). "County Court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Lopez*, 6 NY3d at 256).

Defendant's further contention "that his plea was not knowing, intelligent and voluntary 'because he did not recite the underlying facts of the crime[s] but simply replied to [the c]ourt's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution,' which is encompassed by the valid waiver of the right to appeal" (*People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778; *see People v Brown*, 66 AD3d 1385, *lv denied* 14 NY3d 839). Moreover, defendant failed to preserve that contention for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Jamison*, 71 AD3d 1435, *lv denied* 14 NY3d 888; *People v Lacey*, 49 AD3d 1259, 1259-1260, *lv*

*denied* 10 NY3d 936).

Defendant's constitutional challenge to the persistent felony offender statute is unpreserved for our review (*see People v Besser*, 96 NY2d 136, 148; *People v Watkins*, 17 AD3d 1083, 1084, *lv denied* 5 NY3d 771), and " 'there is no indication in the record that the Attorney General was given the requisite notice of that challenge' " (*People v Bastian*, 83 AD3d 1468, 1469-1470, *lv denied* 17 NY3d 813). In any event, defendant's challenge is without merit (*see People v Battles*, 16 NY3d 54, 59, *cert denied* ___ US ___ [Oct. 3, 2011]; *People v Rawlins*, 10 NY3d 136, 158, *cert denied sub nom. Meekins v New York*, ___ US ___, 129 S Ct 2856; *Bastian*, 83 AD3d at 1470). Defendant's contention that the court erred in failing to conduct a hearing before sentencing him as a persistent felony offender is encompassed by his valid waiver of the right to appeal (*see People v Taylor*, 73 AD3d 1285, 1286, *lv denied* 15 NY3d 810). Moreover, defendant failed to preserve that contention for our review (*see generally People v Proctor*, 79 NY2d 992, 994).

Finally, defendant's challenge to the severity of the sentence is encompassed by the valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737).

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court