# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

462

KA 09-00546

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ANTHONY N. ADAMS, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered June 10, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree and manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]) and manslaughter in the first degree (§ 125.20 [1]). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256; *People v Hidalgo*, 91 NY2d 733, 735). "The responses of defendant to County Court's questions during the plea colloquy establish that he understood the consequences of waiving the right to appeal and voluntarily waived that right" (*People v Ruffins*, 78 AD3d 1627, 1627-1628; *see People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794). Further, the court " 'describ[ed] the nature of the right being waived without lumping that right into the panoply of trial rights automatically forfeited upon pleading guilty' " (*People v Tabb*, 81 AD3d 1322, 1322, *lv denied* 16 NY3d 900, quoting *Lopez*, 6 NY3d at 257). The court also " 'made clear that the waiver of the right to appeal was a condition of [the] plea, not a consequence thereof' " (*People v McCarthy*, 83 AD3d 1533, 1533-1534, *lv denied* 17 NY3d 819).

"The valid waiver of the right to appeal encompasses defendant's contention concerning the denial of his request for youthful offender status" (*People v Elshabazz*, 81 AD3d 1429, 1429, *lv denied* 16 NY3d 858; *see People v Harris*, 77 AD3d 1326, *lv denied* 16 NY3d 743). The waiver, however, "does not encompass his contention with respect to the severity of the sentence . . . because the record establishes that defendant waived his right to appeal before County Court advised him

of the potential periods of imprisonment that could be imposed"
(*People v Mingo*, 38 AD3d 1270, 1271).  Nonetheless, we conclude that
the sentence is not unduly harsh or severe.