# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**856**

**KA 10-02075**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                      MEMORANDUM AND ORDER

JERMAINE J. GORDON, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LYNN SCHAFFER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered August 30, 2010. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of assault in the second degree (Penal Law § 120.05 [1]). Defendant's contention "that his plea was not knowing, intelligent and voluntary 'because he did not recite the underlying facts of the crime but simply replied to County Court's questions with monosyllabic responses is actually a challenge to the factual sufficiency of the plea allocution' " (*People v Simcoe*, 74 AD3d 1858, 1859, *lv denied* 15 NY3d 778; *see People v Brown*, 66 AD3d 1385, 1385, *lv denied* 14 NY3d 839). "[D]efendant failed to preserve that challenge for our review by moving to withdraw the plea or . . . to vacate the judgment of conviction" (*People v Jamison*, 71 AD3d 1435, 1436, *lv denied* 14 NY3d 888; *see People v Lopez*, 71 NY2d 662, 665). In any event, "[d]efendant's monosyllabic responses to [the c]ourt's questions did not render the plea invalid. Moreover, there is no requirement that a defendant personally recite the facts underlying his or her crime[] during the plea colloquy, and, here, [t]he record establishes that defendant confirmed the accuracy of [the court's] recitation of the facts underlying the crime" (*People v Bullock*, 78 AD3d 1697, 1698, *lv denied* 16 NY3d 742 [internal quotation marks and citations omitted]; *see Jamison*, 71 AD3d at 1436; *People v Bailey*, 49 AD3d 1258, 1259, *lv denied* 10 NY3d 932).

Finally, the sentence is not unduly harsh or severe.