# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1344**

**KA 12-02177**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JAMES P. KEMP, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 4, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted rape in the second degree (Penal Law §§ 110.00, 130.30 [1]), defendant contends that the sentence imposed, a determinate term of incarceration of two years plus five years' postrelease supervision, is unduly harsh and severe. We agree with defendant that his waiver of the right to appeal does not preclude him from challenging the severity of his sentence, inasmuch as "the record establishes that defendant waived his right to appeal before County Court advised him of the potential periods of imprisonment that could be imposed" (*People v Mingo*, 38 AD3d 1270, 1271; *see People v Adams*, 94 AD3d 1428, 1429, *lv denied* 19 NY3d 970). Nevertheless, we perceive no basis to exercise our power to modify his sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6]).

Although defendant was only 19 years old when he was sentenced, he already had a criminal record, along with a youthful offender adjudication and extensive contact with the criminal justice system as a juvenile. We also note that defendant was previously sentenced to probation in connection with the youthful offender adjudication but failed to comply with its terms and conditions, thus resulting in his being resentenced to incarceration. Finally, we note that the certificate of conviction incorrectly reflects that defendant was sentenced to a two-year period of postrelease supervision and therefore must be amended to correct that error (*see People v Saxton*,

32 AD3d 1286, 1286-1287).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court