# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**25**

**KA 13-01467**

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CYNTHIA L. OBERDORF, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 3, 2013. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of one count of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and three counts of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Contrary to the contention of defendant, her waiver of the right to appeal was knowingly, intelligently and voluntarily entered inasmuch as County Court's lengthy colloquy about the waiver established that defendant understood the terms and conditions of the plea agreement, and "[t]he record . . . establish[es] that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256). Any alleged deficiencies in the written waiver of the right to appeal, which was executed at the time of sentencing, are of no moment where, as here, there is an otherwise valid oral waiver of the right to appeal (*see People v Handly*, 122 AD3d 1007, 1008; *People v Irvine*, 42 AD3d 949, 949-950, *lv denied* 9 NY3d 962).

The further contention of defendant that the plea was not knowingly, intelligently and voluntarily entered owing to the manner in which the plea allocution was conducted is, in effect, "a challenge to the factual sufficiency of the plea allocution and thus is encompassed by the valid waiver of the right to appeal" (*People v*

*Brown*, 66 AD3d 1385, 1385, *lv denied* 14 NY3d 839; *see People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864). "Moreover, defendant failed to preserve that contention for our review inasmuch as [s]he failed to move to withdraw the plea or to vacate the judgment of conviction" (*Korber*, 89 AD3d at 1543; *see People v Lewis*, 114 AD3d 1310, 1311, *lv denied* 22 NY3d 1200).

Although defendant also contends that the bargained-for sentence is unduly harsh and severe, "[t]he valid waiver of the right to appeal encompasses defendant's challenge to the severity of the bargained-for sentence" (*People v Smith*, 37 AD3d 1141, 1142, *lv denied* 9 NY3d 851, *reconsideration denied* 9 NY3d 926; *see generally Lopez*, 6 NY3d at 255). We note, however, that both the certificate of conviction and the uniform sentence and commitment form should be amended because they incorrectly reflect that defendant was sentenced as a second felony offender when she was actually sentenced as a second felony drug offender (*see People v Labaff*, 127 AD3d 1471, 1472, *lv denied* 26 NY3d 931; *People v Easley*, 124 AD3d 1284, 1285, *lv denied* 25 NY3d 1200).

Entered:  February 5, 2016                      Frances E. Cafarell
                                                Clerk of the Court