People v Tidd (2018 NY Slip Op 06338)





People v Tidd


2018 NY Slip Op 06338


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


875 KA 16-00200

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH J. TIDD, II, ALSO KNOWN AS KENNETH TIDD, II, ALSO KNOWN AS KENNETH J. TIDD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 17, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50 [3]), defendant contends that his waiver of the right to appeal is invalid because it was not knowingly, voluntarily, and intelligently entered. We reject that contention. The record establishes that County Court engaged defendant "in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]; see People v Simcoe, 74 AD3d 1858, 1859 [4th Dept 2010], lv denied 15 NY3d 778 [2010]). In addition, the plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Gibson, 147 AD3d 1507, 1507 [4th Dept 2017], lv denied 29 NY3d 1032 [2017]; see generally People v Ramos, 7 NY3d 737, 738 [2006]). Defendant's valid waiver of the right to appeal forecloses his challenges to the severity of the sentence and the factual sufficiency of the plea allocution (see Lopez, 6 NY3d at 255; Simcoe, 74 AD3d at 1859.
By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve for our review his contention that his plea was involuntary because it was entered too early in the prosecution to allow him sufficient time to consider the plea (see People v Brown, 9 AD3d 884, 885 [4th Dept 2004], lv denied 3 NY3d 671 [2004]). This case does not fall within the rare exception to the preservation requirement because the plea colloquy did not "clearly cast[] significant doubt upon the defendant's guilt or otherwise call[] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]).
We reject defendant's final contention that the court should have sua sponte ordered a competency evaluation pursuant to CPL article 730. " There is no evidence in the record that would have warranted the court to question defendant's competency or ability to understand the nature of the proceedings or the charge[]' " (People v Padilla, 151 AD3d 1700, 1701 [4th Dept 2017], lv denied 31 NY3d 1016 [2018]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court