■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAINE LUDLOW, Appellant. [840 NYS2d 859]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered February 22, 2006. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the third degree (Penal Law § 130.25 [2]). Defendant contends that his waiver of the right to appeal was not knowingly, intelligently and voluntarily entered because County Court failed to elicit from defendant, in his own words, his understanding of the waiver. We reject that contention. "[T]here is no requirement that the trial court engage in any particular litany" when accepting a defendant's waiver of the right to appeal (*People v Callahan*, 80 NY2d 273, 283 [1992]). The valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]).

Defendant failed to preserve for our review his contention that the duration of the order of protection was improper because the court failed to take into account the jail time credit to which he was entitled (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]; *People v Mingo*, 38 AD3d 1270, 1271 [2007]). In any event, defendant's contention lacks merit because jail-time credit does not apply to the five-year order of protection issued by the court (*see* CPL former 530.13 [4] [i]). Present—Scudder, P.J., Gorski, Smith, Fahey and Green, JJ.