■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARSHAWN THOMPSON, Appellant. [893 NYS2d 780]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered April 16, 2008. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that his waiver of the right to

appeal was invalid because Supreme Court failed to elicit from him, in his own words, his understanding of the waiver and its consequences. We reject that contention (*see People v Ludlow*, 42 AD3d 941 [2007]; *People v Brown*, 41 AD3d 1234 [2007], *lv denied* 9 NY3d 873 [2007]). " '[T]here is no requirement that the . . . court engage in any particular litany' when accepting a defendant's waiver of the right to appeal" (*Ludlow*, 42 AD3d at 942, quoting *People v Callahan*, 80 NY2d 273, 283 [1992]). The valid waiver by defendant of the right to appeal encompasses his challenge to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Grimes*, 53 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 789 [2008]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). Present— Scudder, P.J., Centra, Fahey and Green, JJ.