THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS ERON, Appellant. [914 NYS2d 849]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 21, 2008. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated as a felony (DWI) (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]) and aggravated unlicensed operation of a motor vehicle in the first degree (AUO) (§ 511 [3] [a] [i]), defendant contends that his waiver of the right to appeal is invalid because Supreme Court failed to explain the rights that were being foreclosed by that waiver and to inform defendant of the full range of sentencing options. We reject that contention. The record establishes that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" and that his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*People v Lopez*, 6 NY3d 248, 256 [2006]). Any failure by the court to inform defendant of the full range of sentencing options before he waived the right to appeal does not negate the validity of his waiver but, rather, the consequence of the court's failure is that the waiver does not preclude defendant from challenging the severity of the sentence (*see e.g. People v Boyzuck*, 72 AD3d 1530 [2010]; *People v Fehr*, 303 AD2d 1039 [2003], *lv denied* 100 NY2d 538 [2003]; *People v McLean*, 302 AD2d 934 [2003]).

Defendant contends that the sentence is unduly harsh and severe based on the court's failure to impose the minimum period of incarceration for the DWI conviction, and he further contends that the court improperly enhanced the sentence by imposing fines that were not discussed during plea negotiations. Although we reject defendant's former contention with respect to the severity of the sentence, we nevertheless vacate the sentences imposed on both counts based on the latter contention because the court "erred in enhancing the promised sentence by imposing a fine [for each count] . . . without affording [defendant] an opportunity to withdraw the plea" (*People v Barber*, 31 AD3d 1145, 1146 [2006]). We also note that the sentence imposed on the AUO count is illegal. Vehicle and Traffic Law § 511 (3) (b) requires that a defendant convicted of that crime be sentenced to a fine, as well as either a term of imprisonment or a sentence of probation (*see generally People v Prescott*, 95 NY2d 655, 664 [2001]), and here the court sentenced defendant to a fine only.

We therefore modify the judgment by vacating the sentences on both counts, and we remit the matter to Supreme Court to

sentence defendant to the agreed-upon sentence with respect to the DWI count or to afford defendant the opportunity to withdraw the plea on that count (*see People v Rodney E.*, 77 NY2d 672, 676 [1991]). With respect to the AUO count, the court upon remittal must afford defendant the opportunity to accept an amended lawful sentence or to withdraw his plea of guilty with respect to the AUO count, and the DWI count if he is so advised, and thus be restored to his pre-plea status with respect to one or both counts (*see People v Hollis*, 309 AD2d 764, 765 [2003], *lv dismissed* 1 NY3d 597 [2004]). Present—Scudder, P.J., Smith, Green, Pine and Gorski, JJ.