# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**531**

**KA 10-01482**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

CHRISTOPHER RIPLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 2, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We reject defendant's contention that he did not knowingly, voluntarily and intelligently waive his right to appeal. Contrary to defendant's contention, Supreme Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912 [internal quotation marks omitted]). Further, the record as a whole establishes "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Korber*, 89 AD3d 1543, 1543). Contrary to defendant's further contention, a "waiver of the right to appeal [is] not rendered invalid based on the court's failure to require [the] defendant to articulate the waiver in his [or her] own words" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815; *see People v Thompson*, 70 AD3d 1319, 1319-1320, *lv denied* 14 NY3d 845, 15 NY3d 810; *People v Ludlow*, 42 AD3d 941, 942). In addition, defendant's waiver of the right to appeal is not invalid on the ground that the court did not specifically advise defendant that his general waiver of the right to appeal encompassed any challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 736-737; *see generally People v Eron*, 79 AD3d 1774, 1775; *People v Tantao*, 41 AD3d 1274, 1275, *lv denied* 9 NY3d 882).

Defendant's contention that the court abused its discretion in denying his request for youthful offender status is encompassed by his valid waiver of the right to appeal (*see People v Farewell*, 90 AD3d 1502, 1502; *People v Harris*, 77 AD3d 1326, *lv denied* 16 NY3d 743).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court