# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

145

KA 12-00902

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD GAST, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (M. Willam Boller, A.J.), rendered March 28, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). Contrary to defendant's contention, it is well established that "a 'waiver of the right to appeal [is] not rendered invalid based on [a] court's failure to require [the] defendant to articulate the waiver in his [or her] own words' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976; *see People v Thompson*, 70 AD3d 1319, 1319-1320, *lv denied* 14 NY3d 845, *reconsideration denied* 15 NY3d 810). "[W]e conclude that [defendant's] responses during the plea colloquy and his execution of a written waiver of the right to appeal establish that he intelligently, knowingly, and voluntarily waived his right to appeal" (*People v Rumsey*, 105 AD3d 1448, 1449, *lv denied* 21 NY3d 1019; *see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (*see Lopez*, 6 NY3d at 255; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

Defendant contends that his plea should be vacated because it was coerced by Supreme Court's repeated emphasis on what the potential sentence could be after a trial. "Although defendant's contention that the plea was not knowingly, voluntarily and intelligently entered survives the valid waiver of the right to appeal" (*People v Garner*, 111 AD3d 1421, 1421), he "failed to preserve for our review his contention that his guilty plea was coerced by [the court] inasmuch as

he failed to raise that issue in his motion to withdraw his plea . . . and failed to move to vacate the judgment of conviction on that ground" (*People v Robinson*, 64 AD3d 1248, 1248, *lv denied* 13 NY3d 862; *see People v Carlisle*, 50 AD3d 1451, 1452, *lv denied* 10 NY3d 957).  In any event, defendant's contention lacks merit.  "Although it is well settled that '[a] defendant may not be induced to plead guilty by the threat of a heavier sentence if he [or she] decides to proceed to trial' . . . , the statements of the court at issue . . . 'amount to a description of the range of the potential sentences' rather than impermissible coercion" (*People v Boyde*, 71 AD3d 1442, 1443, *lv denied* 15 NY3d 747).  " 'The fact that defendant may have pleaded guilty to avoid receiving a harsher sentence does not render his plea coerced' " (*id.*).  Contrary to defendant's further contention, the court did not err in denying his motion to withdraw his guilty plea on the ground that defense counsel coerced him into pleading guilty.  " 'The unsupported allegations of defendant that [defense counsel] pressured him into accepting the plea bargain do not warrant vacatur of his plea' " (*People v James*, 71 AD3d 1465, 1465).  To the extent that defendant contends that the plea was not knowing, voluntary and intelligent because he was on medication at the time of the plea colloquy, and thus was unable to understand the nature of the proceedings, that contention " 'is belied by the record of the plea proceeding' . . . , which establishes that defendant understood the nature of the proceedings" (*People v Watkins*, 107 AD3d 1416, 1417, *lv denied* 22 NY3d 959).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court