# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

846

KA 11-01820

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARK A. LORENZ, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JODI A. DANZIG OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered September 22, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We reject defendant's contention that the waiver of the right to appeal is invalid. The record establishes that County Court " 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Ripley*, 94 AD3d 1554, 1554, *lv denied* 19 NY3d 976), and that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (*see People v Lopez*, 6 NY3d 248, 256; *Ripley*, 94 AD3d at 1554; *People v Korber*, 89 AD3d 1543, 1543, *lv denied* 19 NY3d 864). Defendant's valid waiver of the right to appeal encompasses his challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 256; *People v Raynor*, 107 AD3d 1567, 1568, *lv denied* 22 NY3d 1090).

Although defendant's contention that his guilty plea was not knowing, voluntary and intelligent survives his waiver of the right to appeal, defendant failed to preserve that contention for our review inasmuch as he withdrew his motion to withdraw his plea and did not thereafter move to vacate the judgment of conviction (*see People v Jones*, 114 AD3d 1080, 1081; *People v Hodge*, 85 AD3d 1680, 1680, *lv denied* 18 NY3d 883). This case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71

NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602).