# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1328**
**KA 13-01145**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

ROBERT LEISER, JR., ALSO KNOWN AS ROBERT P.
LEISER, JR., ALSO KNOWN AS ROBERT P. LEISER, II,
ALSO KNOWN AS ROBERT P. LEISER, ALSO KNOWN AS
ROBERT LEISER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 12, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. Although the record establishes that defendant knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), we conclude that the valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence because County Court did not advise defendant, at the time of his plea, of the potential term of incarceration that he would face if he violated the terms of his release under supervision (*see People v Eron*, 79 AD3d 1774, 1775). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: January 2, 2015                              Frances E. Cafarell
                                                      Clerk of the Court