■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGAPE A. TOWNS, Appellant. [57 NYS3d 276]—

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered January 16, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (six counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him, upon a jury verdict, of six counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) arising out of a holdup at a restaurant. Defendant's primary contention on appeal is that County Court's conduct in negotiating and entering into a cooperation agreement with a prosecution witness denied defendant due process of law. Defendant contends that the court's actions, including acting as a prosecutor and implicitly vouching for the credibility of a witness, deprived him of a fair trial before an unbiased and neutral judge and usurped the jury's fact-finding function. Defendant's contention arises out of events that transpired in significant part outside the record of defendant's trial, in which the court interjected itself into stalled plea negotiations between the People and one of the codefendants, offering leniency in the sentencing of the codefendant on the condition that he testify truthfully against defendant at his trial.

"Trial judges have wide discretion in directing the presentation of evidence but must exercise that discretion appropriately and without prejudice to the parties" (*People v Arnold*, 98 NY2d 63, 67 [2002]). "While 'neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process,' the court's discretion is not unfettered . . . The overarching principle restraining the court's discretion is that it is the function of the judge to protect the record at trial, not to make it" (*id.*). "Where the Trial Judge oversteps the bounds and assumes the role of a prosecutor, however well intentioned the motive[,] there is a denial of a fair trial and there must be a reversal" (*People v Ellis*, 62 AD2d 469, 470 [1978]; *see People v Jacobsen*, 140 AD2d 938, 940 [1988]; *see generally People v Yut Wai Tom*, 53 NY2d 44, 56-58 [1981]).

We criticize, in the strongest possible terms, the conduct of the court in this case in personally negotiating and entering into a quid pro quo cooperation agreement with the codefendant whereby the court promised to sentence the codefendant within a specific range in exchange for his testimony against defendant. We nevertheless cannot conclude on this record that defendant was deprived of a fair trial by the codefendant's testimony, nor can we conclude that the court in essence vouched for the truth of that testimony. Because the court's conduct in this case occurred wholly outside the presence of the jury, we conclude that the court did not assume the appearance and role of a prosecutor in the course of defendant's trial. Further, we note that the facts and circumstances surrounding the codefendant's plea deal and promise of cooperation were

fully elucidated for the jury on the direct examination and cross-examination of the codefendant. Any prejudice to defendant caused by his counsel's decision to cross-examine the codefendant concerning his agreement with the court was cured by the court's instruction to the jury, which defense counsel helped to formulate. That instruction, which was to the effect that the jurors alone were to determine the credibility of the codefendant's testimony and were not to infer that the court had an opinion as to defendant's guilt or lack of guilt, is one that the jury is presumed to have followed (*see People v Morris*, 21 NY3d 588, 598 [2013]; *People v Spears*, 140 AD3d 1629, 1630 [2016], *lv denied* 28 NY3d 974 [2016]).

We also reject defendant's contention that the trial testimony of a different prosecution witness should have been precluded in its entirety as the fruit of the poisonous tree because the police learned the identity of that witness from defendant after violating his right to counsel. We conclude that the witness's trial testimony was sufficiently attenuated from the taint of any constitutional violation, because such violation led "not to contraband or other real evidence, but to a witness, a further and independent volitional source of information—a source which became productive only upon the application of additional, interacting forces to be found in the personality and character of the witness and, perhaps, in the intelligence and skill of her questioners" (*People v Mendez*, 28 NY2d 94, 101 [1971], *cert denied* 404 US 911 [1971]). We further conclude that defense counsel was not ineffective for failing to move to preclude the witness's testimony on the foregoing basis because such a motion was unlikely to succeed (*see People v Ennis*, 41 AD3d 271, 274 [2007], *affd* 11 NY3d 403 [2008], *cert denied* 556 US 1240 [2009]; *People v Caban*, 5 NY3d 143, 152 [2005]). Although we agree with defendant's further contention that hearsay testimony was improperly elicited during that witness's testimony, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Scudder, JJ.