People v Scheifla (2018 NY Slip Op 07603)





People v Scheifla


2018 NY Slip Op 07603


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1166 KA 16-01372

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID SCHEIFLA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 8, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree (10 counts) and petit larceny (10 counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the total amount of restitution to $897.38, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of 10 counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and 10 counts of petit larceny (§ 155.25). Contrary to defendant's contention, we conclude that "the waiver of the right to appeal was not rendered invalid based on [County Court's] failure to require defendant to articulate the waiver in his own words" (People v Alsaifullah, 162 AD3d 1483, 1484 [4th Dept 2018] [internal quotation marks omitted]; see People v Ripley, 94 AD3d 1554, 1554-1555 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). Here, "[t]he plea colloquy and the written waiver of the right to appeal signed [and acknowledged in court] by defendant demonstrate that [he] knowingly, intelligently and voluntarily waived the right to appeal, including the right to appeal the severity of the sentence" (People v Hill, 162 AD3d 1762, 1762 [4th Dept 2018], lv denied — NY3d — [Sept. 14, 2018]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Defendant contends, and the People correctly concede, that the amount of restitution ordered by the court violates Penal Law § 60.27 (1) and (4) (a). We note that, inasmuch as defendant's contention concerns the legality of the sentence, it is not encompassed by the waiver of the right to appeal (see People v Johnson, 125 AD3d 1419, 1421 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Boatman, 110 AD3d 1463, 1463-1464 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]; see generally People v Suits, 158 AD3d 949, 950-952 [3d Dept 2018]). We therefore modify the judgment by reducing the total amount of restitution from $942.38 to $897.38.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court