People v Bradley (2019 NY Slip Op 08062)





People v Bradley


2019 NY Slip Op 08062


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1020 KA 18-01032

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KIM BRADLEY, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered July 6, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that his waiver of the right to appeal is not valid, and he challenges the severity of the sentence. While defendant's written waiver of the right to appeal does not establish a valid waiver because County Court "did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Grucza, 145 AD3d 1505, 1506 [4th Dept 2016]), we nonetheless conclude that defendant validly waived his right to appeal inasmuch as the record establishes that the court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Rodriguez, 93 AD3d 1334, 1335 [4th Dept 2012], lv denied 19 NY3d 966 [2012] [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's valid waiver of the right to appeal does not encompass the challenge to the severity of the sentence, however, because the court did not advise defendant, at the time of his plea, of the potential term of incarceration that he would face if he were sentenced as a youthful offender (see People v Leiser, 124 AD3d 1349, 1350 [4th Dept 2015]; People v Eron, 79 AD3d 1774, 1775 [4th Dept 2010]). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe. We further note that "[t]he valid waiver of the right to appeal . . . forecloses review of defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender" (People v Allen, 174 AD3d 1456, 1458 [4th Dept 2019]; see People v Torres, 110 AD3d 1119, 1119 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court