People v Gray (2020 NY Slip Op 07787)





People v Gray


2020 NY Slip Op 07787


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1059 KA 18-01796

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERRY J. GRAY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (Sara Sheldon, A.J.), rendered June 11, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). We affirm.
County Court properly denied defendant's motion to withdraw his plea. Defendant's current allegations of ineffective assistance of counsel and duress are unsupported by the record and are belied by the plea colloquy, during which defendant averred that he had sufficiently discussed the case with his lawyer, that he was satisfied with his lawyer's services, that he was not being "forced . . . , threatened . . . or coerced . . . into pleading guilty," and that he was pleading guilty "voluntarily and of [his] own free will" (see People v Riley, 182 AD3d 998, 999 [4th Dept 2020], lv denied 35 NY3d 1069 [2020]; People v Gerena, 174 AD3d 1428, 1429-1430 [4th Dept 2019], lv denied 34 NY3d 981 [2019]). Defendant's further contention that his plea was not knowing, intelligent, and voluntary because he did not understand that a guilty plea would terminate the discovery process is unpreserved for appellate review inasmuch as he did not raise that particular argument in his motion to withdraw the plea (see People v Pittman, 166 AD3d 1243, 1245 [3d Dept 2018], lv denied 32 NY3d 1176 [2019]). In any event, that unpreserved assertion is contradicted by the allegations in defendant's own pro se motion to withdraw his plea.
Finally, although we agree with defendant that he did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 566-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Shantz, 186 AD3d 1076, 1077 [4th Dept 2020]), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court