People v Armstrong (2026 NY Slip Op 00708)

People v Armstrong

2026 NY Slip Op 00708

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

881 KA 24-00454

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vHUNTER ARMSTRONG, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 25, 2024. The judgment convicted defendant upon his plea of guilty of kidnapping in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the first degree (Penal Law § 135.25 [2] [a]). We reject defendant's contention that Supreme Court erred in determining that the identification of defendant by the victim was confirmatory. "A court's invocation of the 'confirmatory identification' exception is . . . tantamount to a conclusion that, as a matter of law, the witness is so familiar with the defendant that there is 'little or no risk' that police suggestion could lead to a misidentification" (People v Rodriguez, 79 NY2d 445, 450 [1992]; see People v Colon, 196 AD3d 1043, 1045 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]). Here, the People met their burden of establishing that the identification of defendant by the victim was confirmatory by presenting the testimony of a police detective and the recording of defendant's interview with law enforcement, which established that the victim knew defendant well enough to consider him as "an older brother figure" (see Colon, 196 AD3d at 1045; People v Gambale, 158 AD3d 1051, 1052 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]).
Defendant failed to preserve for our review his contention that his guilty plea was not knowing, voluntary and intelligent inasmuch as he withdrew his motion to withdraw his plea and did not thereafter move to vacate the judgment of conviction (see People v Lorenz, 120 AD3d 1528, 1529 [4th Dept 2014], lv denied 24 NY3d 1045 [2014]). This case does not fall within the rare exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]).
Defendant's contention that he was denied effective assistance of counsel is based on matters outside the record, and thus "a CPL 440.10 proceeding is the appropriate forum for reviewing [defendant's] claim[ ]" (People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]).
Finally, we note that both the certificate of disposition and the uniform sentence and commitment form erroneously reflect that defendant was convicted and sentenced at a term of Onondaga County Court, and those documents must therefore be amended to reflect that he was convicted and sentenced at a term of Supreme Court, Onondaga County (see People v Savino, 239 AD3d 1452, 1454 [4th Dept 2025]; People v Daniqua S.D., 92 AD3d 1226, 1227 [4th Dept 2012]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court