People v Towns
2026 NY Slip Op 03559
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AGAPE A. TOWNS, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
298 KA 21-00430
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered November 4, 2019. The judgment convicted defendant upon a plea of guilty of robbery in the first degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of one count of robbery in the first degree (Penal Law
§ 160.15 [4]), defendant contends that Supreme Court abused its discretion in denying his motion to withdraw his plea.
Preliminarily, we note that defendant was originally convicted in County Court (DeMarco, J.) following a jury trial of six counts of robbery in the first degree (Penal Law § 160.15 [2], [4]) and sentenced to 17 years of incarceration. We affirmed that judgment (People v Towns, 151 AD3d 1638, 1638 [4th Dept 2017], revd 33 NY3d 326 [2019]), but the Court of Appeals reversed and remitted the matter for a new trial (33 NY3d at 333).
Upon remittal, defendant agreed to accept a plea offer for a term of incarceration that amounted to essentially the same amount of time he had already served, but he expressed concern about the status of his release, i.e., whether he would be processed and released or taken into custody. Both the prosecutor and Supreme Court (Argento, J.) informed defendant, who was being released pending sentencing, that it was their belief that he would need to go back to the Department of Corrections and Community Supervision (DOCCS) to be processed and released, and that they could not guarantee an automatic release as part of the plea. Only DOCCS could make that determination after making calculations of time served. The prosecutor specifically informed defendant that the plea would not be "contingent on him . . . get[ting] out." Defendant nevertheless entered his plea of guilty.
Defendant contends that his plea was not knowing, voluntary or intelligent, and that it was obtained under coercion and duress (see generally People v Mack, 225 AD3d 1154, 1154-1155 [4th Dept 2024]; People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]). We note that, because defendant's challenges regarding his plea would survive even a valid waiver of the right to appeal (see Mack, 225 AD3d at 1154; Gast, 114 AD3d at 1270), we need not address defendant's contention with respect to the validity of that waiver (see People v Carmichael, 227 AD3d 1432, 1433 [4th Dept 2024]; People v Davis, 206 AD3d 1603, 1604 [4th Dept 2022]). Furthermore, even assuming, arguendo, that defendant's challenges regarding his plea are preserved for our review by his motion to withdraw his plea (see People v Gerena, 174 AD3d 1428, 1430 [4th Dept 2019], lv denied 34 NY3d 981 [2019]; cf. People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]), we conclude [*2]that they lack merit.
Defendant's contentions of coercion and duress "are unsupported by the record and are belied by the plea colloquy," during which defendant was informed that neither the court nor the prosecutor could guarantee an automatic release at sentencing (People v Gray, 189 AD3d 2135, 2135 [4th Dept 2020], lv denied 36 NY3d 1120 [2021]). Moreover, defendant averred that he had not been offered any other promises other than the sentence commitment, that he had enough time to discuss the plea with defense counsel and that he was pleading guilty of his own free will (see id.).
"[P]ermission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea" (People v Dale, 142 AD3d 1287, 1289 [4th Dept 2016], lv denied 28 NY3d 1144 [2017] [internal quotation marks omitted]; see People v Fox, 204 AD3d 1452, 1453 [4th Dept 2022], lv denied 39 NY3d 940 [2022]). Moreover, " 'a court does not abuse its discretion in denying a motion to withdraw a guilty plea where the defendant's allegations in support of the motion are belied by the defendant's statements during the plea proceeding' " (People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; see Fox, 204 AD3d at 1453).
Here, as in Fox, we conclude that the court did not abuse its discretion in summarily denying the motion because defendant's grievances with the plea process are "belied by his statements at the plea colloquy" (Fox, 204 AD3d at 1453). Moreover, defendant was "sentenced to the promised sentence . . . The expectation that defendant would be released on the date of sentencing was not a promise to do so inasmuch as the court indicated that DOCCS had the
final decision on that matter" (People v Morrison, 216 AD3d 1430, 1431 [4th Dept 2023], lv denied 40 NY3d 935 [2023]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court